# UNITED STATES DISTRICT COURT
# SOUTHERN OHIO DISTRICT
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.     Case No.: CR-2-08-015

      Judge Smith

**TIMOTHY L. LANTZ,**

      Defendant.

## ORDER

This matter is before the Court on Defendant Timothy L. Lantz's Motion to Dismiss for Statutory Vagueness (Doc. 24), Motion to Dismiss for Statutory Overbreadth (Doc. 25), and Motion to Dismiss for Fair Trial Violation (Doc. 26). Defendant also requests an evidentiary hearing with respect to the first motion and oral hearings on the other two motions. The Government has filed a Memorandum in Opposition to Defendant's Motion to Dismiss for Vagueness and Overbreadth and opposition to Defendant's request for an evidentiary hearing (Doc. 30). The Government has also filed a Memorandum in Opposition to Defendant's Motion to Dismiss for Fair Trial Violation and opposition to request for oral hearing (Doc. 31). These motions are now ripe for review and the Court will address each in turn.

*A.     Background*

Defendant Timothy L. Lantz was indicted on January 24, 2008. A Superseding Indictment was subsequently filed on April 16, 2009. Defendant is charged with the following: Counts One and Two charge him with transportation of visual depictions in violation of 18 U.S.C. §§ 2252(a)(1) and

(b)(1). Counts Three and Four charge him with transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1). Count Five charges him with possession of visual depictions in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Counts Six and Seven charge him with advertising visual depictions in violation of 18 U.S.C. §§ 2251(d)(1)(B), (d)(2)(B) and (e). Count Eight charges him with attempt to make visual depictions in violation of 18 U.S.C. §§ 2251(a) and (e). Count Nine charges him with failure to update sex offender registration in violation of 18 U.S.C. §§ 2250(a). Count Ten charges him with forfeiture pursuant to 18 U.S.C. §§ 2253 (a)(1) and (3). On August 29, 2008, Defendant pled not guilty to all counts.

### B. *Defendant's Motions to Dismiss for Statutory Vagueness*

Defendant moves to dismiss the Indictment against him asserting that 18 U.S.C. § 2252, *et seq.* is unconstitutionally vague on its face and as applied to him. Defendant asserts two reasons why the statute is unconstitutionally vague: (1) the statute's use of the word "knowingly" is vague because modern technology makes it impossible to know if a digital image constitutes illegal child pornography; and (2) the statute fails to require a scienter requirement because it requires only knowledge, not intent.

Defendant argues that 18 U.S.C. § 2252, *et seq.* requires a person to "know" something they lack the capacity to know unless they participated in the creation of the image. Defendant asserts that even experts lack the capacity to distinguish between constitutionally protected apparent child pornography and illegal actual child pornography. Defendant relies on the Supreme Court decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 254 (2002), in support of his argument that he does not have the ability to determine whether the images at issue are of actual minors.[1] In *Free*

---

[1] Defendant also cites *United States v. Wilder*, 526 F.3d 1, 13-14 (1st Cir. 2008) and *United States v. Frabizio*, 445 F. Supp.2d 152, 155 (D. Mass. 2006) in support of his argument.

*Speech Coalition*, the Supreme Court considered a First Amendment overbreadth challenge to the definition of "child pornography" contained in the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2286(8). The Court held that subparagraph (B) of that section, which defined a contraband image as one that "appears to be of a minor engaging in sexually explicit conduct," was unconstitutional. As a result of this case, a new definition was enacted in April 2003 that amended 18 U.S.C. § 2256(8)(B) to read as follows: "such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct."

With respect to the lack of a scienter requirement, Defendant is concerned that the statute does not distinguish between advertence and inadvertence. Defendant essentially argues that morally innocent defendants could be convicted under this statute for non-voluntary acts. Defendant argues that unintentional downloading or possession of contraband cannot be remedied by deleting files or even destroying the computer because both acts would give rise to additional charges for obstruction of justice.

The Government responds that the word "knowingly" in the statute does not render the statute infirm. This very argument was recently rejected by the Sixth Circuit in *United States v. Paull*, 551 F.3d 516 (6th Cir. 2009). The Court held that:

> This argument fails because it misapprehends the void for vagueness doctrine. "Vagueness doctrine is an outgrowth not of the First Amendment but of the Due Process Clause of the Fifth Amendment. A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorized discriminatory enforcement." United States v. Williams, ____ U.S. ____, 128 S.Ct. 1830, 1845 (2008). These due process origins mean that "[w]hat renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." Williams, 128 S.Ct. At 1846. Thus, in Williams, the Supreme Court described the lower court's "error [as] . . . fundamental" because it

focused on the fact it may generate close cases and not the statute's sufficiently clear description of the prohibited conduct. Ibid.

Paull makes the same fundamental error in asking us to invalidate the Child Pornography Prevention Act. He does not argue that a person cannot read the statute and determine what is illegal; instead he argues that, knowing what is illegal, he cannot distinguish between the prohibited and the permitted. Such an inability to determine whether a crime has been committed "is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." Williams, 128 S.Ct. At 1846.

A statute is void for vagueness if it does not give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement. *United States v. Halter*, 259 Fed. Appx. 738, 2008 U.S. App. LEXIS 522 (6th Cir. 2008); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983) and *United States v. Krumei*, 258 F.3d 535, 537 (6th Cir. 2001). The meaning of the term 'knowingly' is well-settled. *See Bryan v. United States*, 524 U.S. 184, 193 (1998) (stating "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense").

The Court therefore finds that 18 U.S.C. § 2252 has already withstood a constitutional vagueness challenge in the Sixth Circuit, and Defendant's Motion in reliance on the same argument must be denied. Section 2252(a)(4)(B) provides adequate notice to people of ordinary intelligence about the conduct it proscribes, namely, knowingly possessing sexually explicit images of actual children. The statute is therefore constitutional on its face. Defendant does not claim such moral innocence making his as applied challenge moot. Accordingly, Defendant's Motion to Dismiss for Statutory Vagueness is **DENIED**.

## C.     *Defendant's Motion to Dismiss for Statutory Overbreadth*[2]

Defendant also moves to dismiss the Indictment asserting that 18 U.S.C. § 2252, *et seq.* is unconstitutionally overbroad on its face and as applied to him. Again, Defendant relies on *Ashcroft v. Free Speech Coalition* to argue that there is no way to determine whether the images viewed are of actual minors. Specifically, Defendant argues that "[p]ermitting application of the statute to Mr. Lantz sends a clear message to the community that despite the distinction between protected and prohibited images emphasized in Free Speech, citizens should not attempt to exercise their First Amendment rights because if they guess wrong they risk being indicted and convicted." (Def.'s Mot. to Dismiss at 3).

Defendant argues that not only does the statute prohibit conduct that he is unable to distinguish from conduct protected by the First Amendment, but, in attempting to regulate unprotected speech, the statute chills speech that is protected. Accordingly, Defendant asserts that the statute "intimidates citizens from exercising their right to possess images that merely appear to depict minors for fear of guessing wrong and being indicted." (Def.'s Mot. to Dismiss at 5-6).

The Government argues that the statute is not unconstitutionally overbroad and again has been upheld by both this Court and the Sixth Circuit. *See United States v. Halter*, 259 Fed. Appx. 738, 2008 U.S. App. LEXIS 522 (6th Cir. 2008) (*affirming United States v. Halter*, 2006 U.S. Dist. LEXIS 54276 (S.D. Ohio, Mar. 31, 2006) (J. Sargus). The Sixth Circuit in *Halter* concluded:

> [T]he overbreadth doctrine prohibits the government from proscribing a "substantial" amount of constitutionally protected speech judged in relation to the statute's plainly legitimate sweep. Virginia v. Hicks, 539 U.S. 113, 118-119, 123 S. Ct. 2191, 156 L. Ed. 2d 148 (2003). Halter's argument that § 2252(a)(4)(B) is overbroad because it chills persons who seek to exercise their right under Free Speech Coalition to view

---

[2] Defendant acknowledges the overlapping nature of his Motion to Dismiss for Vagueness and his Motion to Dismiss for Statutory Overbreadth (Doc. 25 p. 2).

simulated child pornography has no merit. A statute is not invalid simply because some impermissible applications are conceivable. New York v. Ferber, 458 U.S. 747, 772, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982) (concluding that a New York statute prohibiting possession of child pornography was not overbroad). In Ferber, the Supreme Court upheld against an overbreadth challenge a statute criminalizing possession of child pornography even though it may have reached some protected expression, such as medical textbooks and artistic works. Id. at 773. The Court upheld the statute because it "seriously doubt[ed] . . . that these arguably impermissible applications of the statute amount to more than a tiny fraction of the materials within the statute's reach." Id.

Here, analogizing to Ferber, any arguably impermissible applications of the statute to citizens who view simulated child pornography amount to no more than a tiny fraction of the materials within the statute's reach. United States v. Adams, 343 F.3d 1024, 1034-35 (9th Cir. 2003) (holding that Ferber foreclosed the defendant's argument that the definition of sexually explicit conduct used by § 2252(a)(4)(B) is overbroad because it could reach "simulated" sexual conduct). Furthermore, in Free Speech Coalition, the Supreme Court expressed doubt that images of actual children and simulated children were indistinguishable.

> If virtual images were identical to illegal child pornography, the illegal images would be driven from the market by the indistinguishable substitutes. Few pornographers would risk prosecution by abusing real children if fictional, computerized images would suffice.

535 U.S. at 254.

*Halter*, 259 Fed. Appx. at 740. The *Halter* Court ultimately concluded that section 2252(a)(4)(B) is not unconstitutionally vague or overbroad.

A statute is unconstitutionally overbroad if it prohibits conduct that is constitutionally protected. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). "Overbreadth is a standing doctrine that allows a person to challenge a regulation as an infringement on the exercise of First Amendment rights even where the regulation may be validly applied to that person." *Bailey v. Carter*, 15 Fed. Appx. 245, 252 (6th Cir. 2001), *citing Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973).

The challenged statute, 18 U.S.C. §2252, prohibits that possession of visual depictions of actual minors engaging in sexually explicit conduct. Defendant's reliance on *Ashcroft v. Free Speech* is misplaced as the *Ashcroft* case involved a challenge to the constitutionality of 18 U.S.C. § 2256(8)(B) and (D). The Supreme Court in *Ashcroft* held these provisions were overbroad because they implicate constitutionally protected conduct, i.e., images that do not involve the use of real children. Unlike *Ashcroft*, Defendant is not arguing that § 2252 criminalizes conduct which is constitutionally protected. In fact, Defendant does not even take issue with the language of the statute itself, but instead argues that he has difficulty in determining what conduct is criminal. The *Ashcroft* analysis is therefore irrelevant. Defendant's alleged difficulty in discerning a virtual from an actual image of a child does not change the fact that possession of actual child pornography is not constitutionally protected, and Defendant can be prosecuted under § 2252 for violation of the same.

Based on the aforementioned analysis, the Court finds that 18 U.S.C. § 2252, *et seq.* is not facially overbroad. Further, the statute is not overbroad as applied to Defendant. Defendant has failed to set forth any support for this argument. Regardless, the Government is not required to prove that Defendant has specific knowledge that the images in his possession depict real children. Rather, the jury may infer such knowledge from the other evidence produced at trial. Defendant's Motion to Dismiss for Statutory Overbreadth is therefore **DENIED**.

### D. *Defendant's Motion to Dismiss for Fair Trial Violation*

Defendant argues that 18 U.S.C. § 2252, *et seq.* is unconstitutional on its face because it prevents him from obtaining a fair trial as guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and renders his counsel ineffective. The Sixth Amendment right to counsel protects the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Defendant essentially argues that the statute criminalizes

the sort of conduct which Defendant claims is necessary to properly prepare a defense in this case. Defendant asserts his counsel is unable to: (1) perform evidence gathering tasks and conduct its own research of the evidence; (2) create digital image exhibits to demonstrate that citizens lack the capacity to distinguish apparent contraband images and real contraband images; or (3) confirm the origin of the alleged contraband to determine whether it depicts a minor. (Def.'s Mot. to Dismiss at 2).

The Government argues that the same arguments that Defendant asserts here have been rejected by both the Sixth Circuit in *United States v. Paull* and this Court in *United States v. Halter*. The Court agrees and finds that Defendant's arguments have no merit based on the *Paull* decision. The defendant in *Paull*, like Lantz, argued that "the intersection of prosecutorial discretion and the harshness of 18 U.S.C. § 2252A would have denied him a fair trial in violation of his Due Process and Sixth Amendment rights." 551 F.3d at 524-25. This argument is premised on the fact that the statute does not provide an exception for those who possess or view illegal images in connection with a trial defense. Defendant also argues that there is unfairness in that the government's experts are selectively exempt from prosecution, while his attorney and/or expert would risk prosecution by analyzing the images.

Defendant, however, has failed to specifically allege how his defense has been disrupted by the law or that his expert witness would not cooperate. Defendant has never raised any of these issues with the Government or the Court during the course of discovery. Nor does Defendant propose any relief short of dismissal. *Paull* held that, "without such requests or specific allegations, dismissal was inappropriate and defendant's motion was properly denied." *Id.* at 524-525.

Contrary to Defendant's assertions, the Government has provided Defendant's counsel with ample opportunity to review the entire image of the hard drives and media containing the contraband images, as well as reports from undercover agents who discovered that Defendant was distributing the images on the Internet. Further, Defendant's expert arranged with the FBI lab to spend as much time as the necessary reviewing the digital evidence.

With respect to Defendant's specific complaints, he contends that he needs to "confirm the origin of the alleged contraband to determine whether it depicts a minor," and to "research the origin of the alleged contraband images." (Def.'s Mot. at 2 and 4). The Court, however, does not find that such determination is necessary. The only 'origin' which is relevant to any defense issues in this case is whether a charged image was in Defendant's possession or was transported to him. This information can be readily ascertained from defense expert's examination of the metadata contained on the materials seized from Defendant, all of which have been made available to Defendant's counsel for viewing.

In addition, Defendant complains that he cannot create images that demonstrate that contraband and virtual images are indistinguishable. (Def.'s Mot. at 2 and 4). The Sixth Circuit has held that the only relevant demonstration must relate to manipulation of the images at issue in this case. *See United States v. LeBlanc*, 45 Fed. Appx. 393 (6th Cir. 2002) (An expert cannot testify to general issues, but rather must tie his or her testimony to the facts of the case.). The Government represents that if defense counsel wants to make exhibits to demonstrate such manipulation, then accommodations could be made. However, no such request has been made.

The Court therefore finds that Defendant has failed to allege any obstacles to preparing a defense at trial, let alone any rising to Constitutional proportions. The Government has made all the evidence available to Defendant's counsel and is willing to make such accommodations as

necessary. Defendant has not raised any issues until this Motion that he has been deprived of the right to access evidence for use at trial. Accordingly, Defendant's Motion to Dismiss for Fair Trial Violation is **DENIED**.

*E.     Conclusion*

In conclusion, Defendant's Motion to Dismiss for Statutory Vagueness (Doc. 24) is **DENIED**. Defendant's Motion to Dismiss for Statutory Overbreadth (Doc. 25) is **DENIED**. Defendant's Motion to Dismiss for Fair Trial Violation (Doc. 26) is **DENIED**.

Further, having concluded that there is sufficient Sixth Circuit case law directly on point rejecting Defendant's argument, the Court does not find any need for an evidentiary hearing or oral argument on any of the aforementioned issues. Therefore, Defendant's requests for an evidentiary and oral hearings are **DENIED**.

The Clerk shall remove Documents 24, 25, and 26 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**